[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in this action seeks damages for injuries sustained in a fall on snow or ice in a parking area she alleges were owned and controlled by the defendant, Paul Kalinowski. At the time of the incident both the plaintiff and defendant were employed by Hillside Acres, Inc. The defendant submitted a lease between the defendant Kalinowski and Hillside Acres, Inc., which provides in paragraph 8b that it was the lessee's responsibility to remove snow and ice. The leased premises is described in the in the lease as 1260 Woodtick Road in Wolcott.
The defendant, in support of his motion, argues that he is a fellow employee of the plaintiff and therefore is immune from CT Page 9329 suit under the exclusive remedy exception of the Workers Compensation Act Connecticut General Statutes Sec. 31-293a. He asserts that leasee Hillside was responsible for snow removal and therefore he was not in control of the premises.
The alleged incident was not caused by the defendant in his capacity as a fellow worker or co-worker but in his capacity as landlord. The purpose of C.G.S. 31-293a was to protect fellow employees from suit when the injured employee was entitled to worker's compensation benefits. This suit is not against Kalinowski as fellow employee, but Kalinowski as landlord. The exclusive remedy exemption is not applicable here.
Whether the tenant Hillside was responsible for the removal of snow will involve mixed questions of fact and law as to the validity and interpretation of the lease.
Therefore, the defendant's Motion for Summary Judgment is denied.
Pellgrino, J.